## Abravanel, Karen

| | |
|---|---|
| **From:** | Vela, Veronica |
| **Sent:** | Thursday, December 22, 2005 11:58 AM |
| **To:** | 'Preeya.Noronha@usdoj.gov' |
| **Cc:** | Curnin, Paul C; Stein, Mark J; Abravanel, Karen; Kolodny, Nathaniel |
| **Subject:** | FW: Alsaaei v. Bush, No. 05-CV-2369 |

Dear Ms. Noronha:

This letter is in response to your December 19, 2005 email to Paul Curnin.  We consent to the entry of the November 8, 2004 Protective Order, the November 10 Order Designating "Protected Information," and the December 13, 2004 Supplement to the November 8, 2004 Protective Order.

If the matter of a stay were one of first impression before Judge Roberts, Petitioners would oppose Respondents' motion for a stay in its entirety.  But we recognize that Judge Roberts has generally stayed the Guantánamo detainee cases under his supervision.  He has not, however, impeded the ability of petitioners, through their counsel, to develop the facts of the case.  For example, Judge Roberts has ordered Respondents in similar cases to show cause within 45 days, effectively requiring the government to provide factual returns to petitioner.  *See Al-Rubaish v. Bush,* 05-1714 (D.D.C. October 31, 2005).  Judge Roberts has also previously granted the motion to preliminarily enjoin the Respondents and other agents from the U.S. Government from transferring or removing detainees without providing Petitioner's counsel with thirty days' advance notice.  *Al Rashedian v. Bush,* 05-CV-0586 (D.D.C. Apr. 8, 2005), *El Banna v. Bush,* 04-CV-1144 (D.D.C. Apr.8, 2005), *Abdullah v. Bush,* 05-CV-0023 (D.D.C. Mar.16, 2005).  In addition, other Judges in this Court have ordered Respondents to provide factual returns as well as ordering that the government provide 30 days' advance notice of any intended removal.  See e.g. *Zalita v. Bush,* 05-CV-01220 (DDC. July 25, 2005); *Al-Hela v. Bush,* 05-CV-01048 (D.D.C. June. 9, 2005), *Kurnaz v. Bush,* 04-CV-1135 (Apr. 12, 2005)

With this precedent in mind, and in the interest of moving the initial matters in this litigation along smoothly and not burdening the Court with contested motions, we would consent to entry of a stay if the government agrees to provide us with (i) the public versions of the factual returns within 45 days of the entry of the stay, and (ii) 30 days' advance notice of any intended removal of our clients from Guantánamo.  Please let me know whether a stay on such terms is acceptable to the government.

With regards to identifying Mr. Alsaaie at Guantanamo Bay, please note that due to possible variances in transliteration he may also be officially recorded under Abdullah Ali Saleh Gerab Alsaari, Abdullah Ali Saleh Gerab Al Saari and/or Abdullah Ali Saleh Gerab Saari. We are currently unable to provide you with additional identifying information, but we are in the process of contacting Mr. Alsaaie's father, who resides in Saudi Arabia and is serving as his next friend, for such information.

Sincerely,
Veronica Vela

Counsel for Petitioner Alsaaei

Mark J. Stein
Paul C. Curnin
Veronica Vela
Karen E. Abravanel
Nathaniel I. Kolodny

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York  10017

Tel:  (212) 455-2316
Fax: (212) 455-2502

_____

-----Original Message-----
From: Preeya.Noronha@usdoj.gov [mailto:Preeya.Noronha@usdoj.gov]
Sent: Monday, December 19, 2005 6:16 PM
To: Curnin, Paul C
Subject: Alsaaei v. Bush, No. 05-CV-2369

Dear Mr. Curnin:

Respondents intend to move to stay the most recently-filed Guantanamo detainee habeas cases, including Alsaaei v. Bush, No. 05-CV-2369 (RWR). I am writing to ascertain your position with respect to such a motion. Our motion will seek a stay of proceedings pending resolution of the pending appeals of Judge Green's January 31, 2005 decision and Judge Leon's January 19, 2005 decision in some of the other Guantanamo detainee cases. The requested stay, however, would not apply to entry of the November 8, 2004 Protective Order, along with the December 13, 2004 supplement to the Protective Order, in this case, as well as entry of a order, consistent with Judge Green's November 10, 2004 Order in the other coordinated cases, requiring that petitioners' counsel treat information designated as "protected information" as "protected information" under the Protective Order, unless and until the Court rules that the information should not be designated as "protected." Entry of these orders, and counsel's compliance with them, will facilitate your ability to visit properly represented petitioners at Guantanamo Bay.

We intend to file our motion within the next day or so, and would appreciate hearing from you regarding your position at your earliest convenience.

Also, please be advised that respondents have been unable to identify petitioner Abdullah Ali Saleh Gerab Alsaaei as a detainee at Guantanamo Bay.  Accordingly, please provide us any mail from this petitioner (e.g., ICRC or military mail) indicating that he is presently detained at Guantanamo or that would indicate an ISN or "GUAN" number on the correspondence. Alternatively, we suggest that the next friend to this petitioner provide you with a physical description, birthdate, any unique identifying information about petitioner, or the basis for his/her belief that this petitioner is presently detained at Guantanamo. Thank you.

Sincerely,

Preeya Noronha

Preeya M. Noronha
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm. 7226
Washington, D.C. 20530
Tel: (202) 514-3338
Fax: (202) 616-8202
E-mail: preeya.noronha@usdoj.gov

## Abravanel, Karen

| | |
|---|---|
| **From:** | Preeya.Noronha@usdoj.gov |
| **Sent:** | Thursday, December 22, 2005 12:29 PM |
| **To:** | Vela, Veronica |
| **Cc:** | Curnin, Paul C; Stein, Mark J; Abravanel, Karen; Kolodny, Nathaniel |
| **Subject:** | RE: Alsaaei v. Bush, No. 05-CV-2369 |

Dear Ms. Vela:

Respondents do not consent to the conditions that you have requested.  I will note that you oppose our motion.

Regards,
Preeya Noronha

-----Original Message-----
From: VVela@stblaw.com [mailto:VVela@stblaw.com]
Sent: Thursday, December 22, 2005 11:58 AM
To: Noronha, Preeya (CIV)
Cc: pcurnin@STBLAW.COM; MStein@stblaw.com; KAbravanel@stblaw.com; NKolodny@stblaw.com
Subject: FW: Alsaaei v. Bush, No. 05-CV-2369


> Dear Ms. Noronha:
>
> This letter is in response to your December 19, 2005 email to Paul Curnin.  We consent
to the entry of the November 8, 2004 Protective Order, the November 10 Order Designating
"Protected Information," and the December 13, 2004 Supplement to the November 8, 2004
Protective Order.
>
> If the matter of a stay were one of first impression before Judge
> Roberts, Petitioners would oppose Respondents> '>  motion for a stay
> in its entirety.  But we recognize that Judge Roberts has generally
> stayed the Guantánamo detainee cases under his supervision.  He has
> not, however, impeded the ability of petitioners, through their
> counsel, to develop the facts of the case.  For example, Judge Roberts
> has ordered Respondents in similar cases to show cause within 45 days,
> effectively requiring the government to provide factual returns to
> petitioner.  See Al-Rubaish v. Bush, 05-1714 (D.D.C. October 31,
> 2005).  Judge Roberts has also previously granted the motion to
> preliminarily enjoin the Respondents and other agents from the U.S.
> Government from transferring or removing detainees without providing
> Petitioner's counsel with thirty days' advance notice.  Al Rashedian
> v. Bush, 05-CV-0586 (D.D.C. Apr. 8, 2005), El Banna v. Bush,
> 04-CV-1144 (D.D.C. Apr.8, 2005), Abdullah v. Bush, 05-CV-0023 (D.D.C.
> Mar.16, 2005).  In addition, other Judges in this Court have ordered
> Respondents to provide factual returns as well as ordering that the
> government provide 30 days' advance notice of any intended removal.
> See e.g. Zalita v. Bush, 05-CV-01220 (DDC. July 25, 2005); Al-Hela v.
> Bush, 05-CV-01048 (D.D.C. June. 9, 2005), Kurnaz v. Bush, 04-CV-1135
> (Apr. 12, 2005)
>
> With this precedent in mind, and in the interest of moving the initial matters in this
litigation along smoothly and not burdening the Court with contested motions, we would
consent to entry of a stay if the government agrees to provide us with (i) the public
versions of the factual returns within 45 days of the entry of the stay, and (ii) 30
days' advance notice of any intended removal of our clients from Guantánamo.  Please let
me know whether a stay on such terms is acceptable to the government.
>
> With regards to identifying Mr. Alsaaie at Guantanamo Bay, please note that due to

1

possible variances in transliteration he may also be officially recorded under Abdullah Ali Saleh Gerab Alsaari, Abdullah Ali Saleh Gerab Al Saari and/or Abdullah Ali Saleh Gerab Saari. We are currently unable to provide you with additional identifying information, but we are in the process of contacting Mr. Alsaaie's father, who resides in Saudi Arabia and is serving as his next friend, for such information.

>
> Sincerely,
> Veronica Vela
>
> Counsel for Petitioner Alsaaei
>
> Mark J. Stein
> Paul C. Curnin
> Veronica Vela
> Karen E. Abravanel
> Nathaniel I. Kolodny
>
> Simpson Thacher & Bartlett LLP
> 425 Lexington Avenue
> New York, New York  10017
>
> Tel:  (212) 455-2316
> Fax: (212) 455-2502
> _____
>
>
>
> -----Original Message-----
> From: Preeya.Noronha@usdoj.gov [mailto:Preeya.Noronha@usdoj.gov]
> Sent: Monday, December 19, 2005 6:16 PM
> To: Curnin, Paul C
> Subject: Alsaaei v. Bush, No. 05-CV-2369
>
> Dear Mr. Curnin:
>
> Respondents intend to move to stay the most recently-filed Guantanamo detainee habeas cases, including Alsaaei v. Bush, No. 05-CV-2369 (RWR). I am writing to ascertain your position with respect to such a motion. Our motion will seek a stay of proceedings pending resolution of the pending appeals of Judge Green's January 31, 2005 decision and Judge Leon's January 19, 2005 decision in some of the other Guantanamo detainee cases. The requested stay, however, would not apply to entry of the November 8, 2004 Protective Order, along with the December 13, 2004 supplement to the Protective Order, in this case, as well as entry of a order, consistent with Judge Green's November 10, 2004 Order in the other coordinated cases, requiring that petitioners' counsel treat information designated
> as "protected information" as "protected information" under the Protective Order, unless and until the Court rules that the information should not be designated as "protected." Entry of these orders, and counsel's compliance with them, will facilitate your ability to visit properly represented petitioners at Guantanamo Bay.
>
> We intend to file our motion within the next day or so, and would appreciate hearing from you regarding your position at your earliest convenience.
>
> Also, please be advised that respondents have been unable to identify petitioner Abdullah Ali Saleh Gerab Alsaaei as a detainee at Guantanamo Bay.  Accordingly, please provide us any mail from this petitioner (e.g., ICRC or military mail) indicating that he is presently detained at Guantanamo or that would indicate an ISN or "GUAN" number on the correspondence. Alternatively, we suggest that the next friend to this petitioner provide you with a physical description, birthdate, any unique identifying information about petitioner, or the basis for his/her belief that this petitioner is presently detained at Guantanamo. Thank you.
>
> Sincerely,
>
> Preeya Noronha
>

2

> Preeya M. Noronha
> Trial Attorney
> United States Department of Justice
> Civil Division, Federal Programs Branch 20 Massachusetts Avenue, N.W.,
> Rm. 7226 Washington, D.C. 20530
> Tel: (202) 514-3338
> Fax: (202) 616-8202
> E-mail: preeya.noronha@usdoj.gov

**Abravanel, Karen**

| | |
|---|---|
| **From:** | Abravanel, Karen |
| **Sent:** | Wednesday, January 04, 2006 4:02 PM |
| **To:** | 'Preeya.Noronha@usdoj.gov' |
| **Cc:** | Stein, Mark J; Curnin, Paul C; Vela, Veronica; Kolodny, Nathaniel |
| **Subject:** | Alsaaei v. Bush, No. 05-CV-2369 (RWR) |

Dear Ms. Noronha:

The undersigned are counsel for Petitioners in the matter *Alsaaei v. Bush*, No. 05-CV-2369 (RWR).  Petitioners will be filing an opposition to your December 22, 2005 motion for a stay pending resolution of related appeals.

Concurrent with this opposition, Petitioners also intend to file three cross-motions for: (a) the immediate issuance of a writ of *habeas corpus* pursuant to 28 U.S.C. § 2243, or, alternatively, an order to show cause; (b) a preliminary injunction requiring Respondents to provide thirty days' advance notice of any intended removal of Petitioner Alsaaei from Guantánamo Bay, Cuba; and (c) an order requiring Respondents to preserve all evidence regarding Petitioner Alsaaei. The relief requested in these three cross-motions is wholly consistent with Judge Roberts' previous rulings in related Guantánamo Bay Detainee habeas petitions.  *See, e.g., Al-Rubaish v. Bush*, No. 05-CV-1714 (D.D.C. Dec. 14, 2005) (Roberts, J.) (Mem. Op. and Order, Dkt # 16).

In the alternative, however, in the interest of moving the initial matters in this litigation along smoothly and not burdening the Court with contested motions, Petitioners would consent to entry of a conditional stay pending resolution of all appeals in *Khalid v. Bush* (No. 04-CV-1142), *Boumediene v. Bush* (No. 04-CV-1166) and *In re Guantánamo Detainee Cases* (No. 02-CV-0299), which is also consistent with Judge Roberts' prior rulings.  Based on such precedent, and in light of the relief sought by Petitioners in the instant case, Petitioners would move the Court for a stay conditioned as follows: (i) Respondents will be required to provide Petitioners with the public versions of the factual returns within 20 days of the entry of the stay; (ii) Respondents will be required to provide Petitioners and the Court with 30 days' advance notice of any intended removal of Petitioner Alsaaei from Guantánamo; and (iii) Respondents will be required to preserve and maintain all evidence, documents, and information, without limitation, now or ever in Respondents' possession, custody or control regarding Petitioner Alsaaei.

Please let us know whether Respondents are willing to consent either to Petitioners' three cross-motions, or to the entry of a conditional stay, as described above.  Petitioners must file their Opposition to Respondents' motion for a stay by this Friday, January 6, 2006, so we ask for a prompt response to this email.  If Respondents do oppose Petitioners' three cross-motions, then please let us know if there is any way we can "narrow the areas of disagreement" pursuant to LCvR 7(m).

As a final matter, we would point out that Petitioners have already consented to the entry of the November 8, 2004 Protective Order, the November 10 Order Designating "Protected Information," and the December 13, 2004 Supplement to the November 8, 2004 Protective Order as requested in Respondents' December 22, 2005 motion.  *See* E-mail from Veronica Vela to Preeya Noronha (Dec. 22, 2005).

Sincerely,

Karen E. Abravanel

Counsel for Petitioner Alsaaei

Mark J. Stein
Paul C. Curnin
Veronica Vela
Karen E. Abravanel
Nathaniel I. Kolodny

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York  10017
Tel:  (212) 455-2000
Fax: (212) 455-2502

## Abravanel, Karen

| | |
|---|---|
| **From:** | Preeya.Noronha@usdoj.gov |
| **Sent:** | Thursday, January 05, 2006 11:32 AM |
| **To:** | Abravanel, Karen |
| **Cc:** | Stein, Mark J; Curnin, Paul C; Vela, Veronica; Kolodny, Nathaniel |
| **Subject:** | RE: Alsaaei v. Bush, No. 05-CV-2369 (RWR) |

Dear Karen:

Respondents oppose the cross-motions you have set forth in your email, as well as your
proposed conditions on a stay of proceedings in this case.

Regards,
Preeya

-----Original Message-----
From: KAbravanel@stblaw.com [mailto:KAbravanel@stblaw.com]
Sent: Wednesday, January 04, 2006 4:02 PM
To: Noronha, Preeya (CIV)
Cc: MStein@stblaw.com; pcurnin@STBLAW.COM; VVela@stblaw.com; NKolodny@stblaw.com
Subject: Alsaaei v. Bush, No. 05-CV-2369 (RWR)

Dear Ms. Noronha:

The undersigned are counsel for Petitioners in the matter Alsaaei v. Bush, No. 05-CV-2369
(RWR).  Petitioners will be filing an opposition to your December 22, 2005 motion for a
stay pending resolution of related appeals.

Concurrent with this opposition, Petitioners also intend to file three cross-motions for:
(a) the immediate issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2243, or,
alternatively, an order to show cause; (b) a preliminary injunction requiring Respondents
to provide thirty days' advance notice of any intended removal of Petitioner Alsaaei from
Guantánamo Bay, Cuba; and (c) an order requiring Respondents to preserve all evidence
regarding Petitioner Alsaaei.  The relief requested in these three cross-motions is wholly
consistent with Judge Roberts' previous rulings in related Guantánamo Bay Detainee habeas
petitions.  See, e.g., Al-Rubaish v. Bush, No. 05-CV-1714 (D.D.C. Dec. 14, 2005) (Roberts,
J.) (Mem. Op. and Order, Dkt # 16).

In the alternative, however, in the interest of moving the initial matters in this
litigation along smoothly and not burdening the Court with contested motions, Petitioners
would consent to entry of a conditional stay pending resolution of all appeals in Khalid
v. Bush (No. 04-CV-1142), Boumediene v. Bush (No. 04-CV-1166) and In re Guantánamo
Detainee Cases (No. 02-CV-0299), which is also consistent with Judge Roberts' prior
rulings.  Based on such precedent, and in light of the relief sought by Petitioners in the
instant case, Petitioners would move the Court for a stay conditioned as follows: (i)
Respondents will be required to provide Petitioners with the public versions of the
factual returns within 20 days of the entry of the stay; (ii) Respondents will be required
to provide Petitioners and the Court with 30 days' advance notice of any intended removal
of Petitioner Alsaaei from Guantánamo; and (iii) Respondents will be required to preserve
and maintain all evidence, documents, and information, without limitation, now or ever in
Respondents' possession, custody or control regarding Petitioner Alsaaei.

Please let us know whether Respondents are willing to consent either to Petitioners' three
cross-motions, or to the entry of a conditional stay, as described above.  Petitioners
must file their Opposition to Respondents' motion for a stay by this Friday, January 6,
2006, so we ask for a prompt response to this email.  If Respondents do oppose
Petitioners' three cross-motions, then please let us know if there is any way we can
"narrow the areas of disagreement" pursuant to LCvR 7(m).

As a final matter, we would point out that Petitioners have already consented to the entry
of the November 8, 2004 Protective Order, the November 10 Order Designating "Protected

Information," and the December 13, 2004 Supplement to the November 8, 2004 Protective Order as requested in Respondents' December 22, 2005 motion.  See E-mail from Veronica Vela to Preeya Noronha (Dec. 22, 2005).

Sincerely,

Karen E. Abravanel

Counsel for Petitioner Alsaaei

Mark J. Stein
Paul C. Curnin
Veronica Vela
Karen E. Abravanel
Nathaniel I. Kolodny

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York  10017
Tel:  (212) 455-2000
Fax: (212) 455-2502