IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULLAH ALI SALEH GERAB ALSAAEI, *et al.*, <br><br>            *Petitioners,* <br><br>       v. <br><br> GEORGE W. BUSH, <br> President of the United States, *et al.*, <br><br>            *Respondents.* | Civil Action No. 05-CV-2369 (RWR) |

**REPLY BRIEF IN SUPPORT OF PETITIONERS' CROSS-MOTION
FOR AN ORDER REQUIRING RESPONDENTS TO PRESERVE ALL EVIDENCE
REGARDING PETITIONER ALSAAEI**

In opposition to Petitioners' motion for a preservation order, Respondents raise the same arguments that Your Honor has already rejected in other detainee cases. *See, e.g.*, *Al-Rubaish v. Bush*, No. 05-CV-1714 (RWR), slip op. at 5-7 (D.D.C. Dec. 14, 2005) (dkt. no. 16); *El-Banna v. Bush*, No. 05-CV-1144 (RWR), slip op. (D.D.C. July 18, 2005) (dkt. no. 149). Respondents expressly acknowledge the preservation orders entered in *El-Banna* and *Al-Rubaish*, *see* Opp'n at 8, which are nearly identical to the preservation order now requested by Petitioners. Yet aside from a vague assertion that "some of the reasoning in these opinions is flawed," *id.*, Respondents offer no justification for Your Honor to rule differently in the instant case.

To start, Respondents once again argue that the two-prong test established by *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 137-38 (Fed. Cl. 2004), is not the appropriate standard for entry of a preservation order because the "weight of authority" supports application of the

four-factor test employed in issuing preliminary injunctions.[1]  Opp'n at 2.  Respondents previously raised this argument in opposition to the entry of a preservation order in *El-Banna*.  *See El-Banna*, dkt. no. 147, at 3.  In that case, Your Honor noted that the distinction between the two legal standards "may be one without a practical difference" in deciding whether a preservation order is appropriate.  *El-Banna*, dkt. no. 149, at 2 n.3.  Instead, this Court has focused on whether the preservation is necessary and burdensome.  *Id.* at 3-7.

This Court has previously rejected Respondents' assertion that a preservation order is *per se* unnecessary.  In *Al-Rubaish*, for example, Your Honor found that "a preservation order in habeas proceedings, particularly in proceedings such as these where there has been no full disclosure of the facts on the public record to authorize the challenged detention, is not superfluous or unnecessary."  *Al-Rubaish*, dkt. no. 16, at 5-6; *see also El-Banna,* dkt. no. 149, at 3 (same).

Here, Petitioners have demonstrated a significant risk that evidence regarding Petitioner Alsaaei will not be preserved.  Respondents have not denied the alleged abuses detailed in Petitioners' motion for a preservation order, instead choosing to hide behind Petitioners' inability to access documents which Respondents have not made available to the public.  *See* Opp'n at 6-7.  This argument proves the need for a preservation order.  Respondents also attempt to take solace from the fact that some of the abuses reported to date – particularly the "cover-up" reported by the FBI, and documented in Exhibit C to Petitioners' opening brief – occurred in Iraq and not at Guantánamo.  *Id.*  Yet, it remains that the "cover-up" reported by the FBI, as well as the missing documents detailed in the *New York Times* article cited by Petitioners, occurred

---

[1] The court in *Pueblo of Laguna* examined the same cases cited by Respondents in support of the four-factor test, but found that "the more recent of these decisions ignore significant changes made to the Federal Rules of Civil Procedure since the 1960s, further establishing the case management powers of judges."  *See Pueblo of Laguna*, 60 Fed. Cl. at 138 n.8.

under the same military authority currently in charge of the detainees at Guantánamo. Thus, the undisputed evidence sufficiently demonstrates the propensity and willingness of the United States military to "cover-up" mistreatment of persons captured in connection with the global war on terror.

Respondents currently possess all information about Petitioner Alsaaei's detention, including the details of his capture, interrogation, and treatment while in United States military custody; Petitioners and their counsel are deprived of any direct evidence. This situation is only exacerbated by Respondents' efforts to delay this case and other Guantánamo detainee cases, including their refusal to engage in any discovery. Accordingly, Petitioners must rely on publicly available information and the cited instances of abuse by the United States military clearly support the need for a document preservation order in this case. *See Pueblo of Laguna*, 60 Fed. Cl. at 139 (finding that the failures evidenced in a case involving many of the same government agencies "appear to be so pervasive and systematic as to provide ample support for the issuance of a document preservation order in this case."); *see also Harris v. Nelson*, 394 U.S. 286, 292 (1969) ("[T]his Court has emphasized, taking into account the office of the writ and the fact that the petitioner, being in custody, is usually handicapped in developing the evidence needed to support in necessary detail the facts alleged in his petition, that a habeas corpus proceeding must not be allowed to founder in a 'procedural morass.'") (citations omitted).

This Court has also rejected Respondents' argument that the requested preservation order is unduly burdensome and overbroad. For example, Your Honor found the preservation orders in *El-Banna* and *Al-Rubaish* were "tailored to preserve 'documents and information in . . . [respondents'] possession' that may be 'relevant to litigation or potential litigation or are reasonably calculated to lead to the discovery of admissible evidence." *See El-Banna*, dkt no.

149, at 6; *Al-Rubaish*, dkt. no. 16, at 7.  Furthermore, Your Honor found no support for Respondents' assertion in *El-Banna*, which they raise again here, that the requested preservation order "goes beyond what might otherwise be permissible with respect to any discovery that might ever be appropriate in a habeas case." *See* Opp'n at 7; *El-Banna*, dkt. no. 149, at 4.  To the contrary, citing the same case used by Respondents, this Court found that "'the power of inquiry on federal habeas corpus cases is plenary' and its exercise depends entirely on the circumstances." *Id.* (citing *Harris*, 394 U.S. at 291).  This Court has previously considered in *El-Banna* the argument – repeated entirely verbatim here – that the requested preservation order would "put respondents in the position of having to take action with respect to a wide range of documents without having the opportunity to utilize the process of objection and litigation available in the discovery context to fine tune or challenge discovery requested based on, for example, overbreadth, relevance or burden." *See El-Banna,* dkt 147, at 7; *El-Banna*, dkt no. 149, at 4 n.4.  As Your Honor found, this statement "mistakenly equates preservation obligations with production obligations and erroneously presumes that respondents will have no opportunity to litigate future discovery requests." *El-Banna,* dkt. no. 149, at 4 n.4.

     Finally, this Court has rejected the alleged rationale behind Respondents' criticism of the preservation orders entered in *El-Banna* and *Al-Rubaish*.  Respondents now suggest that Your Honor's holdings in these cases "fail to appreciate" that Respondents are already responsible for preserving "a much broader universe of documents."  Opp'n at 8.  Yet in *El-Banna*, Your Honor expressly acknowledged that Respondents were already bound by the *general* preservation orders entered in *Al-Marri v. Bush*, No. 04-CV-2035 (D.D.C. Mar. 7, 2005) and *Abdah v. Bush*, No. 04-CV-1254 (D.D.C. June 10, 2005), and then further ordered Respondents to preserve and maintain all evidence regarding "the *individual* detained petitioners."  *El-Banna*, dkt. no. 149, at

6-7 (emphasis added). Respondents clearly fail to appreciate the particular need to preserve all evidence relating specifically to Petitioner Alsaaei. As this Court suggested in *El-Banna,* Respondents' view of the requested order underscores the need for it. *See El-Banna*, dkt. no. 149, at 6.

Contrary to Respondents' recycled arguments, the need for a preservation order in the instant case is clear and greatly outweighs the minimal burden to Respondents, and Respondents' persistent opposition only reinforces the clear need. The preservation order will serve to "prevent either the purposeful or inadvertent destruction or loss of records" such as those that have occurred in similar cases, while also warning Respondents of the possibility of sanctions where they fail "to adequately protect the records relevant to this action." *Pueblo of Laguna* , 60 Fed. Cl. at 139. A preservation order is critical to the fair adjudication of this case and should be entered forthwith.[2]

---

[2] Respondents indicate in their opposition brief that they "anticipate filing in the Guantanamo detainee cases, including the instant case, a motion to dismiss or for other appropriate relief" based on the recent enactment of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat 2680 (2005). Opp'n at 2. Respondents suggest that this Court should deny or defer ruling on Petitioners' Motion for a Preservation Order pending resolution of Respondents' anticipated motion to dismiss. *Id.* Since Respondents have not yet filed a motion to dismiss in the instant case, this suggestion is premature, and Petitioners need not address it here.

## CONCLUSION

WHEREFORE, for the foregoing reasons and for the reasons stated in the initial motion, the motion should be granted.

Date: January 20, 2006

> Respectfully Submitted,
>
> SIMPSON THACHER & BARTLETT LLP
>
> /s/ Paul C. Curnin
> Mark J. Stein
> Paul C. Curnin
> Veronica Vela
> Karen E. Abravanel
> Nathaniel I. Kolodny
> 425 Lexington Avenue
> New York, New York 10017
> Tel: (212) 455-2000
> Fax: (212) 455-2502
>
> Attorneys for Petitioners

*Of Counsel:*

Barbara J. Olshansky (NY0057)
Tina Monshipour Foster (TF5556)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499