IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULLAH ALI SALEH GERAB ALSAAEI, *et al.*, <br><br> *Petitioners,* <br><br> v. <br><br> GEORGE W. BUSH, President of the United States, *et al.*, <br><br> *Respondents.* | Civil Action No. 05-CV-2369 (RWR) |

**REPLY BRIEF IN SUPPORT OF PETITIONERS' CROSS-MOTION
FOR A PRELIMINARY INJUNCTION REQUIRING RESPONDENTS TO PROVIDE
THIRTY DAYS' ADVANCE NOTICE OF ANY INTENDED REMOVAL OF
PETITIONER ALSAAEI FROM GUANTÁNAMO BAY, CUBA**

Respondents offer no justification for this Court to depart from prior orders granting thirty days' advance notice of transfer or release. *See, e.g., Al-Rubaish v. Bush*, No. 05-CV-1714 (RWR), slip op. at 8 (D.D.C. Dec. 14, 2005) (dkt. no. 16); *El-Banna v. Bush*, No. 05-CV-1144 (RWR), slip op. at 4 (D.D.C. Apr. 8, 2005) (dkt. no. 141). Respondents do not refute Petitioners' showing that, absent notice, Petitioner Alsaaei may suffer irreparable harm in two ways: (1) the possibility of transfer to a country where he might be tortured or indefinitely confined; and (2) the potential elimination of his *habeas* claim. *See* Petition for Writ of *Habeas Corpus* (dkt. no. 1) ("Petition") ¶¶ 42-48; *see also, e.g., Al-Joudi v. Bush*, No. 05-CV-301 (GK), 2005 U.S. Dist. Lexis 6265, at *12-15 (D.D.C. Apr. 4, 2005). Consistent with this Court's prior rulings, Petitioners now seek modest equitable relief to prevent the possibility of such harm and to preserve the jurisdiction of this Court.

Respondents continue to characterize the requirement of providing advance notice as overly intrusive, *see* Opp'n at 20-21, even though judges of this Court have already found that the requested relief is "concrete, narrow, and minimally burdensome." *See, e.g., Al-Joudi,* at *21. Indeed, this Court has found that the requested relief

> does not constitute even a minimal burden on the Government; at most, it would require the Government to file a few pieces of paper. Such a minimal consequence does not outweigh the imminent threats of indefinite detention, potential torture, and the elimination of Petitioners' claims before this Court.

*Id.* at *19-20.

In contrast to the minimal burden on the government, Petitioners have clearly demonstrated the need for the requested relief. Petitioners have shown a legitimate fear of human rights violations if Petitioner Alsaaei is transferred to government custody in Saudi Arabia. *See* Petition ¶ 46 (relying on the United States government's own reports about Saudi Arabia's record of human rights abuses, including *incommunicado* detention and abuse of prisoners); *see also* U.S. Dep't of State, *Country Reports on Human Rights Practices 2004: Saudi Arabia* (Feb. 28, 2005), *available at* http://www.state.gov/g/drl/rls/hrrpt/2004/41731.htm. After reviewing similar evidence in another detainee case, Your Honor found that "Petitioners' fears do not appear fanciful." *El-Banna*, dkt. no. 141 at 4. And, other judges of this Court have already determined that transfer to Saudi Arabia carries a "serious potential threat" of torture. *See Al-Joudi,* at *12-13 (describing Saudi Arabia as a country "that our own State Department has acknowledged torture[s] prisoners").

To rebut such evidence, Respondents attempt to downplay Petitioners demonstrated fear by offering recycled and outdated declarations concerning the government's general policy on

extradition procedures.[1]  The facts, however, show that the risk of transfer without notice is real and that Petitioners have valid concerns that a transfer to Saudi Arabia may subject Petitioner Alsaaei to irreparable harm.[2]  Indeed, Respondents' Opposition demonstrates that the Department of Defense routinely provides no notice when it transfers detainees from Guantánamo.  *See* Prosper Decl. ¶ 12; Waxman Decl. ¶ 8.

Clearly, if Petitioner Alsaaei is involuntarily removed from Guantánamo, Petitioners risk losing their right to adjudicate their *habeas* claims in the Federal courts, whose jurisdiction they have properly invoked.[3]  *See El-Banna*, dkt. no. 141 at 4 (finding that transfer of detainees to other sovereigns and other locations "would improperly subvert the court's ability to adjudicate these actions on their merits.") (citing *Rasul v. Bush,* 542 U.S. 466, 483 (2004)).  This Court

---

[1] Respondents attach to their Opposition affidavits by former Ambassador Pierre-Richard Prosper (dated March 8, 2005) and by former Deputy Assistant Secretary of Defense for Detainee Affairs Matthew C. Waxman (dated June 2, 2005).  *See* Waxman Decl. and Prosper Decl.  Both affidavits have been submitted to Your Honor in numerous detainee cases.  *See, e.g.*, *Al-Rubaish*, dkt. no. 10 at 2 fn. 2; *El-Banna*, dkt. no. 134 at 5, fn. 3; *Abdullah v. Bush* No. 05-CV-0023 (RWR) dkt. no. 19 at 5, fn. 3.

[2] Recent news reports indicate that the United States government is contemplating the imminent transfer of a large number of Saudi detainees, such as Petitioner Alsaaei, to their home country.  *See* Petition ¶ 47; *see also* Opp'n at 4 n. 5 (conceding that nearly one-third of detainees transferred from Guantánamo have not been released).

[3] Respondents argue that this Court should stay the proceedings in this case based on the recent enactment of the Detainee Treatment Act, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (2005) ("DTA"), which Respondents contend divests this Court of jurisdiction to order the requested relief.  Respondents have not, however, filed any motion on this ground and have not formally presented the jurisdictional issue to this Court for decision. Nor should this Court address this issue *sua sponte*, since the jurisdictional question is already before the Court of Appeals in *Al Odah v. United States*, No. 05-5064, Per Curiam Order (Jan. 13, 2006) (setting supplemental briefing schedule regarding DTA), and the Supreme Court in *Hamdan v. Rumsfeld*, No. 05-184, Motion to Dismiss Filed by Respondent Donald H. Rumsfeld, Secretary of Defense (Jan. 12, 2006).  In the interim, this Court has authority under the All Writs Act, 28 U.S.C. § 1651, to order the requested relief to maintain the status quo pending the resolution of any proper challenge to its subject matter jurisdiction.

should act to preserve its jurisdiction.  *See id.* at 4-5 ("It is well established that 'the federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts for the protection of their rights in those tribunals.'") (citations omitted); *see also* 28 U.S.C. § 1651.

Moreover, without notice of an impending transfer, this Court would be precluded from learning of the threat to its jurisdiction and thus would be improperly deprived of its right to preserve its jurisdiction.  Similarly, Petitioners' counsel would be deprived of the opportunity to challenge Petitioner Alsaaei's transfer, leaving counsel unable to provide effective legal representation.

## CONCLUSION

WHEREFORE, for the foregoing reasons and for the reasons stated in the initial motion, the motion should be granted.

Date: January 27, 2006

                                  Respectfully Submitted,

                                  SIMPSON THACHER & BARTLETT LLP

                                /s/ Paul C. Curnin
                                Mark J. Stein
                                Paul C. Curnin
                                Veronica Vela
                                Karen E. Abravanel
                                Nathaniel I. Kolodny
                                425 Lexington Avenue
                                New York, New York 10017
                                Tel: (212) 455-2000
                                Fax: (212) 455-2502

                                Counsel for Petitioners

*Of Counsel:*

Barbara J. Olshansky (NY0057)
Tina Monshipour Foster (TF5556)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499