IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABDULLAH ALI SALEH GERAB ALSAAEI, *et al.*,<br><br>        *Petitioners,*<br><br>    v.<br><br>GEORGE W. BUSH, President of the United States, *et al.*,<br><br>        *Respondents.* | Civil Action No. 05-CV-2369 (RWR) |

## MOTION FOR EXPEDITED ENTRY OF THE PROTECTIVE ORDER

Petitioner Abdullah Ali Saleh Gerab Alsaaei, acting on his own behalf and through his Next Friend, Petitioner Ali Saleh Bin Gerab Al-Abdullah Own Saari (collectively, "Petitioners"), and through his undersigned counsel, respectfully requests that the Court immediately enter the Amended Protective Orders first entered by Judge Green in the *In re Guantanamo Detainee Cases* and since entered in related *habeas* proceedings before this Court (the "Protective Order"). *See*, *e.g.*, *Algatele v. Bush,* No. 05-1669 (RWR) (D.D.C. Nov. 1, 2005) (dkt. no. 3); *Al-Rubaish v. Bush*, No. 05-1714 (RWR) (D.D.C. Nov. 1, 2005) (dkt. no. 3); *Hamoud v. Bush*, No. 05-1894 (RWR) (D.D.C. Nov. 1, 2005) (dkt. no. 3); *Adem v. Bush*, No. 05-723 (RWR) (D.D.C. Jun. 6, 2005) (dkt. no. 12).[1] As the Court is aware, the Protective Order includes the following orders entered in the *In re Guantanamo Detainee Cases*:

  1.  The Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first

---

[1] This Motion is made without prejudice to Petitioners' right to seek modification of any particular terms in the Protective Order in the future.

    issued by Judge Green on November 8, 2004 (344 F. Supp. 2d 174) (D.D.C. 2004)) (attached as Ex. A);

  2. The Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004 (attached as Ex. B); and

  3. The Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004 (attached as Ex. C).

  Respondents have recently confirmed that Petitioner Alsaaei is detained by the United States at the Guantánamo Bay Naval Station ("Guantánamo"). *See* email from Preeya Noronha to Veronica Vela, dated Feb. 15, 2006 (attached as Ex. D). Upon information and belief, Petitioner Alsaaei has been held virtually *incommunicado* at Guantánamo for over four years. Petitioners initiated the instant proceeding by filing a Petition for Writ of *Habeas Corpus* on December 12, 2005. As set forth in that application, Petitioners allege that the imprisonment of Petitioner Alsaaei at Guantánamo is unlawful and violates his fundamental rights to due process as protected by the United States Constitution, as well as the Alien Tort Claims Act, the Third and Fourth Geneva Conventions, United States military law, and customary international law. *See* Petition (dkt. no. 1).

  Petitioners seek to avail themselves of the jurisdiction of this Court as confirmed in *Rasul v Bush*, 542 U.S. 466 (2004). Until the Protective Order is entered, however, the Government will not allow privileged communications between undersigned counsel and Petitioner Alsaaei and will not allow undersigned counsel to meet with Petitioner Alsaaei at Guantánamo. *See In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174, 184 (D.D.C. 2004) ("[t]o have access to the detainee, counsel must agree to comply fully with these procedures [the Protective Order] and must sign and affirmation acknowledging his/her agreement to comply with them."). Counsel for Respondents initially consented to entry of the Protective Order, explaining that Respondents did not intend "to block counsel access to properly represented petitioners." *See* Resps.' Mot. to

Stay Proceedings Pending Related Appeals, at 4 (dkt. no. 2).  Yet, counsel for Respondents has now withdrawn this consent, relying upon the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (2005) (hereinafter "DTA"), to argue that this Court no longer has jurisdiction over this action.  *See* email from Preeya Noronha to Karen Abravanel, dated Mar. 28, 2006 (attached as Ex. E).

The DTA is irrelevant to this motion.  Addressing this same issue, Magistrate Judge Kay held that the "question of when, and under what circumstances the existing Protective Order permits [Petitioner] to meet with his lawyer has no bearing on the question of which Court has jurisdiction to review the merits of Petitioner's challenge to his detention." *Adem v. Bush,* No. 05-723 (RWR) (AK), Mem. Op. at 22 (D.D.C. Mar. 21, 2006) (dkt no. 36).  Moreover, while entry of the Protective Order will not impact the ultimate disposition of Petitioners' substantive claims or prejudice Respondents in any way, forcing Petitioners to await the higher courts' determination of the applicability of the DTA[2] will delay by several months any contact between Petitioner Alsaaei and his counsel, "render[ing] his right to counsel meaningless." *See id*. at 22 n.25.

Several judges of this Court have entered the Protective Order since the enactment of the DTA.  *See, e.g.*, *Thabid v. Bush*, No. 05-2398 (ESH), Min. Order (D.D.C. Mar. 21, 2006); *Razakah v. Bush*, No. 05-2370 (EGS), Min. Order (D.D.C. Mar. 17, 2006); *Wahab v. Bush*, No. 05-886 (EGS), Min. Order (D.D.C. Mar. 17, 2006).  Furthermore, Respondents have not relied upon the DTA to seek revocation of the Protective Order in the dozens of Guantánamo detainee

---

[2] On March 28, 2006, the Supreme Court of the United States heard oral argument on, *inter alia*, the applicability of the DTA to currently pending Guantánamo detainee habeas petitions.  The applicability of the DTA to currently pending Guantánamo detainee habeas petitions was also argued before the Court of Appeals for the District of Columbia on March 22, 2006.

cases in which judges of this Court have already entered the Protective Order.  In those cases, the attorneys continue to communicate with and visit their clients at Guantánamo.  Respondents' opposition to entry of the Protective Order here is without merit and plainly arbitrary.

Entry of the Protective Order will ensure that undersigned counsel can meet and communicate with Petitioner Alsaaei with the appropriate assurances of confidentiality and privilege.  Accordingly, Petitioners respectfully request that the Protective Order be entered in the instant case forthwith.

WHEREFORE, for the foregoing reasons and for any other reason that may become known to the Court, the motion should be granted.

Dated: March 31, 2006

                                      Respectfully Submitted,

                                      SIMPSON THACHER & BARTLETT LLP

                                      /s/ Paul C. Curnin
                                      Mark J. Stein
                                      Paul C. Curnin
                                      Veronica Vela
                                      Karen E. Abravanel
                                      Nathaniel I. Kolodny
                                      425 Lexington Avenue
                                      New York, New York 10017
                                      Tel: (212) 455-2000
                                      Fax: (212) 455-2502

                                      Attorneys for Petitioners

*Of Counsel:*

Barbara J. Olshansky (NY0057)
Tina Monshipour Foster (TF5556)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499