## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
ABDULLAH ALI SALEH GERAB      )
ALSAAEI et al.,               )
                              )
        Petitioners,          )
                              )
    v.                        )    Civil Action No. 05-2369 (RWR)
                              )
GEORGE W. BUSH et al.,        )
                              )
        Respondents.          )
_____)
```

### MEMORANDUM ORDER

Petitioner Alsaaei is a detainee in United States custody at Guantanamo Bay Naval Base who filed a petition for habeas corpus relief through his father acting as his next friend.  Petitioners have moved this court to enter orders (i) issuing a writ of habeas corpus or requiring respondents to file a factual return relating to the detainee, (ii) enjoining respondents from transferring the detained petitioner in the absence of thirty days' advance notice, and (iii) requiring respondents to preserve and maintain all documents and information relating to the detained petitioner.  (See Dkt. Nos. 5 & 10.)  Respondents oppose petitioners' motion as to all three forms of relief.  In addition, respondents have filed a motion to stay all proceedings pending resolution of the appeals in Khalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed sub nom. Boumediene v. Bush et al., Nos. 05-5062, 05-5063 (D.C. Cir.

-2-

March 3, 2005) and In re Guantanamo Detainee Cases, 355 F.

Supp. 2d 443 (D.D.C. 2005), appeals docketed, Nos. 05-5064 et al.

(D.C. Cir. March 7, 2005).[1]  (See Dkt. No. 2.)  Petitioners'

motion for orders will be granted in part and denied in part and

respondents' motion to stay all proceedings will be granted in

part and denied in part.

I.   CONDITIONAL STAY OF PROCEEDINGS

     A primary purpose of a stay pending resolution of issues on

appeal is to preserve the status quo among the parties.

Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559

F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is

preventative or protective, and seeks to maintain the status quo

pending a final determination of issues on appeal); see Warm

Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974)

(granting stay pending appeal to maintain the status quo between

the parties).  A court may, in appropriate situations, specify

protective conditions in balancing the hardship necessarily

imposed on the party whose suit or execution of judgment has been

stayed pending appeal.  Cooks v. Fowler, 459 F.2d 1269, 1272-73 &

n.27 (D.C. Cir. 1971) (affirming condition of stay requiring

_____

     [1] One of the disputed matters on appeal before the District
of Columbia Circuit has been resolved by decision of the United
States Supreme Court in Hamdan v. Rumsfeld, -- S. Ct. -- , 2006
WL 1764793 (June 29, 2006), where the Court made clear that this
court retains jurisdiction over these habeas corpus petitions.
See id. at *13-16 & n.15.

-3-

tenant appealing judgment to deposit funds in court registry
pending appeal); see also City of Portland, Or. v. Federal
Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing
the proponent of a stay in a case challenging shippers' exclusion
of one city's port from service to "be prepared to state reasons
why this court should not impose a conditional stay requiring the
rotation of service among the ports involved pending final review
and determination"); Scott v. Scott, 382 F.2d 461, 462 (D.C. Cir.
1967) (discussing a stay of execution of judgment conditioned
upon support payments); Center for Int'l Environmental Law v.
Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C.
2003) (conditioning stay pending appeal on party seeking an
expedited appeal).  Where, as here, the conditions imposed on the
proponent of the stay are "neither heavy nor unexpected,"
imposing a protective condition is well within a court's
discretion.  Cooks v. Fowler, 459 F.2d at 249 (quoting Bell v.
Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970) (stating
"[w]e have little doubt that . . . [a court] may fashion an
equitable remedy to avoid placing one party at a severe
disadvantage during the period of litigation")).

Therefore, here

the court will "guard against depriving the processes
of justice of their suppleness of adaptation to varying
conditions."  Landis v. North American Co., 299 U.S.
248, 256 (1936).  Coextensive with a district court's
inherent power to stay proceedings is the power to
craft a stay that balances the hardships to the

-4-

parties.  Id. at 255 (noting concern regarding a stay
causing "even a fair possibility . . . [of] damage to
some one else."); see also Clinton v. Jones, 520 U.S.
681, 707 (1997) (noting that "burdens [to the parties]
are appropriate matters for the District Court to
evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005)

(Urbina, J.) (Order, Dkt. No. 12).

II.  PRESERVATION OF EVIDENCE

The Supreme Court's opinion in Harris v. Nelson, 394 U.S.

286 (1969), makes clear that the discovery provisions of the

Federal Rules of Civil Procedure do not automatically apply in

whole to federal habeas corpus proceedings.  Id. at 294 n.5, 298-

99.  The preservation obligations that flow to a litigant from

the federal discovery rules cannot be presumed to apply to habeas

litigants absent some express application by a court.

Accordingly, a preservation order in habeas proceedings,

particularly in proceedings such as these where there has been no

full disclosure of the facts on the public record that justify

the challenged detention, is not superfluous or unnecessary.

Harris also makes clear that a district court's authority to

issue orders pursuant to 28 U.S.C. § 1651 in aid of its fact-

finding obligations in habeas corpus proceedings is intended to

be flexible and should be exercised as the circumstances require

for a proper and just disposition.

[The Supreme Court has] held explicitly that the
purpose and function of the All Writs Act to supply the
courts with the instruments needed to perform their

-5-

duty [to issue orders appropriate to assist them in
conducting factual inquiries] . . . extend to habeas
corpus proceedings.

At any time in the [habeas corpus] proceedings, when
the court considers that it is necessary to do so in
order that a fair and meaningful evidentiary hearing
may be held so that the court may properly "dispose of
the matter as law and justice require," either on its
own motion or upon cause shown by the petitioner, it
may issue such writs and take or authorize such
proceedings with respect to development, before or in
conjunction with the hearing of the facts relevant to
the claims advanced by the parties, as may be
"necessary or appropriate in aid of [its jurisdiction]
. . . and agreeable to the usages and principles of
law."  28 U.S.C. § 1651.

. . . Obviously, in exercising this power, the court
may utilize familiar procedures, as appropriate,
whether these are found in the civil or criminal rules
or elsewhere in the "usages and principles of law."

394 U.S. at 299-300 (footnote omitted).  "[T]he power of inquiry

on federal habeas corpus is plenary" and its exercise depends

entirely on the circumstances.  Harris, 394 U.S. at 291.

The preservation order petitioners seek is tailored to

preserve "documents and information in . . . [respondents']

possession" that may be "relevant to litigation or potential

litigation or are reasonably calculated to lead to the discovery

of admissible evidence."  Wm. T. Thompson Co. v. General

Nutrition Corp., 593 F. Supp. 1443, 1455 (C.D. Cal. 1984).

Documents reflecting treatment of detainees -- whether statements

of official policy, cumulative evidence of specific practices, or

something else -- may be probative of the treatment of

petitioners or may lead to other probative evidence.  The

-6-

requested order imposes no greater obligation on respondents than the federal discovery rules' preservation obligations impose on a litigant in a typical civil lawsuit.

CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

ORDERED that respondents' motion [#2] to stay proceedings and for relief from any obligation to file a factual return be, and hereby is, GRANTED in part and DENIED in part.  The proceedings in this case are STAYED pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia Circuit in In re Guantanamo Detainee Cases and Boumediene v. Bush et al., except that petitioners may seek emergency relief from this court in appropriate circumstances, such as when petitioners have reason to believe that the detained petitioner is facing the possibility of continued detention at the request of the United States in a location that does not provide access to this court.  Respondents' request for relief from any obligation to file a factual return is DENIED.  It is further

ORDERED that petitioners' motion [#5, 10] be, and hereby is, GRANTED in part and DENIED in part.  Petitioners' request for a factual return is GRANTED.  Respondents are directed to submit a factual return relating to the detained petitioner by September 14, 2006.  Petitioners' request for notice of any

-7-

removal of the detained petitioner is GRANTED.  Respondents,
their agents, servants, employees, confederates, and any persons
acting in concert or participation with them, or having actual or
implicit knowledge of this Order by personal service or
otherwise, shall provide this court and petitioners or any
counsel representing them with thirty days' advance written
notice of any transfer or removal of the detained petitioner from
United States custody at Guantanamo Bay.  Petitioners' request
for a preservation order is GRANTED.  Respondents shall preserve
and maintain all evidence, documents and information, without
limitation, now or ever in respondents' possession, custody or
control, regarding the detained petitioner in this case.
Petitioners' motion is DENIED in all other respects.

SIGNED this 19th day of July, 2006.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge