PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABDULLAH ALI SALEH GERAB ALSAAEI, *et al.*, <br><br> *Petitioners,* <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br> *Respondents.* | Civil Action No. 05-CV-2369 (RWR) |

## PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION TO DISMISS

Petitioners, by and through undersigned counsel, respectfully submit this memorandum of law in opposition to Respondents' Motion to Dismiss. Respondents argue that Petitioners' claims are moot because this Court lacks jurisdiction over all *habeas* actions brought by detainees at Guantánamo Bay, and because the United States has transferred Petitioner Abdullah Ali Saleh Gerab Alsaaei ("Alsaaei") to the custody of the Kingdom of Saudi Arabia.

Respondents' motion should be denied. Pursuant to the same Supreme Court precedent upon which Respondents base their Motion to Dismiss, this Court retains subject matter jurisdiction over Petitioners' *habeas* action; the Circuit's split decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene I*"), and the split commentary by Justices of the Supreme Court in denying *certiorari*, *Boumediene v. Bush*, 127 S. Ct. 1478 (2007) ("*Boumediene II*"), demonstrate that the Supreme Court has not foreclosed Petitioner Alsaaei's *habeas* claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Additionally, Petitioner Alsaaei's transfer did not automatically moot his *habeas* petition because he continues to suffer the "collateral consequences" of his unlawful detention and

designation by Respondents as an "enemy combatant."  The *habeas* petition represents Petitioner Alsaaei's sole means of challenging this designation because, as a result of his transfer, he cannot seek review under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2739 ("DTA").  Dismissal of Petitioners' *habeas* petition will irreparably harm Petitioner Alsaaei because it will leave him without any legal recourse.

## BACKGROUND

Petitioners filed a Petition for Writ of *Habeas Corpus* on December 12, 2005, challenging both Petitioner Alsaaei's unlawful detention and his designation as an "enemy combatant."  *See* Petition (dkt. no. 1).  On August 14, 2006, upon Petitioners' motion, this Court ordered Respondents to provide thirty days' advance written notice of any transfer or removal of Petitioner Alsaaei from Guantánamo.  On November 27, 2006, counsel for Petitioners received via email a copy of Respondents' Notice Pursuant to the Court's August 14, 2006 Order, which disclosed Respondents' intention to release Petitioner Alsaaei from the custody of the United States and repatriate him to the custody of the Kingdom of Saudi Arabia.[1]  On December 1, 2006, Respondents' counsel filed a Stipulation and Order whose terms had been negotiated between the parties.  Among other things, the Stipulation and Order set forth the parties' agreement that the requirement in the Court's August 14, 2006 Order that Respondents provide thirty days' notice to the Court and Petitioners' counsel prior to transferring Petitioner Alsaaei from Guantánamo "is conditionally waived to allow respondents to carry out the transfer of

---

[1]  Respondents initially filed this Notice (dkt. no. 27) and a December 1, 2006 Stipulation and Order (dkt. no. 31) under seal.  On December 20, 2006, however, Respondents withdrew their request to have the Notice and Stipulation and Order "treated as protected information" and noted that they had "no objection to the Notice and Stipulation and Order being unsealed and placed on the public record."  *See* Notice of Transfer of Petitioner and Withdrawal of Request for Designation of Certain Information as Protected Information (dkt. no. 32).

petitioner to the control of the Kingdom of Saudi Arabia." *See* Stipulation and Order at 2. The Stipulation and Order did not assert that Petitioner Alsaaei was not an "enemy combatant." Nor did it purport to moot Petitioners' *habeas* case.

On December 20, 2006, Respondents notified Petitioners' Counsel and the Court that Petitioner Alsaaei had been "transferred to the Kingdom of Saudi Arabia and released from United States custody." *See* Notice of Transfer of Petitioner and Withdrawal of Request for Designation of Certain Information as Protected Information (dkt. no. 32). Again, this Notice did not assert that Respondents had withdrawn their designation of Petitioner Alsaaei as an "enemy combatant."

## ARGUMENT

I. **THIS COURT RETAINS SUBJECT MATTER JURISDICTION OVER PETITIONERS' *HABEAS* ACTION AS LONG AS PETITIONERS' CLAIMS ARE NOT FRIVOLOUS AND HAVE NOT BEEN DECIDED ON THE MERITS BY THE SUPREME COURT**

This Court retains the power to decide its own jurisdiction in the first instance. *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2155 (2006). Respondents cite *Steel Co.* for the unremarkable proposition that jurisdiction is a threshold question, Mot. at 4, but ignore the preceding language in *Steel Co.* that supports this Court's retention of jurisdiction so long as a legitimate controversy exists that has not been resolved on the merits by the Supreme Court. *See Steel Co.*, 523 U.S. at 89. Specifically, *Steel Co.* provides that a federal district court's jurisdiction is not defeated by the possibility that a petitioner might fail to state a cause of action on which petitioner could actually recover. Rather, the district court maintains subject matter jurisdiction as long as there is a non-frivolous argument that the laws and Constitution support petitioner's claim:

> [T]he district court has jurisdiction if 'the right of the petitioners to recover under their complaint will be sustained if the Constitution

>and laws of the United States are given one construction and will
>be defeated if they are given another[]' . . . unless the claim
>'clearly appears to be immaterial and made solely for the purpose
>of obtaining jurisdiction or where such a claim is wholly
>insubstantial and frivolous.'

523 U.S. at 89 (quoting *Bell v. Hood,* 327 U.S. 678, 682-83 (1946)). Further, *Steel Co.* establishes that a Circuit Court opinion, such as *Boumediene I*, is insufficient to deprive this Court of subject matter jurisdiction over Petitioner Alsaaei's *habeas* claim. *See id.* Dismissal for lack of subject matter jurisdiction is only appropriate if the Supreme Court has ruled adversely on the merits, or where the claim is frivolous. *Id.* ("Dismissal for lack of subject matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, *foreclosed by prior decisions of this Court,* or otherwise completely devoid of merit as not to involve a federal controversy.") (emphasis added) (citations omitted)).

The dissenting opinions in *Boumediene I* and *Boumediene II* demonstrate that there exists a reading of the Constitution and the laws of the United States that would sustain this Court's jurisdiction over Petitioner Alsaaei's *habeas* claims. *See Boumediene I*, 476 F.2d at 994-1012 (Rogers, J., dissenting); *Boumediene II*, 127 S. Ct. at 1479-81 (Breyer, Souter and Ginsburg, JJ., dissenting from denial of *certiorari*). Further, the overarching jurisdictional issues raised in the instant case remain the subject of continuing litigation in both the Court of Appeals and the Supreme Court, as demonstrated by numerous pending motions and applications. *See* Petitioners' Notice of Filing of Pending Motions In Related Appeals Addressing The Jurisdictional Issues Raised in Respondents' Motion to Dismiss (dkt. no. 37). The Supreme Court has not decided any of the jurisdictional questions in the instant case because the denial of *certiorari* in *Boumediene II* was emphatically not a ruling on the merits. *Boumediene II*, 127 S. Ct. at 1478 (noting that "as always, denial of *certiorari* does not constitute an expression of any

opinion on the merits."). Accordingly, the *Boumediene* decisions do nothing to impair Petitioner Alsaaei's right to proceed with his *habeas* action in this Court.

## II. NOTWITHSTANDING PETITIONER ALSAAEI'S TRANSFER, THIS COURT CAN AND SHOULD RESOLVE THE QUESTION OF WHETHER PETITIONER ALSAAEI WAS UNLAWFULLY DETAINED AS AN "ENEMY COMBATANT"

It is hornbook law that release from custody does not by itself moot a *habeas* case. *See* Randy Hertz & James S. Leibman, *Federal Habeas Corpus Practice & Procedure* § 8.2b, at 394-99 (5th ed. 2005) (collecting cases). Courts have long held that a *habeas* petition remains justiciable notwithstanding the release of the petitioner if the conviction or detention being challenged results in "collateral consequences" that outlast the petitioner's confinement. *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *In re Ballay*, 482 F.2d 648, 651 (D.C. Cir. 1973); *Justin v. Jacobs*, 449 F.2d 1017, 1019 (D.C. Cir. 1971) (finding that a "case remains 'live' if a party may thereafter encounter adverse effects of the event in issue"). Thus, unless Respondents can demonstrate that Petitioner Alsaaei will suffer no collateral consequences from his many years of imprisonment at Guantánamo or his designation as an "enemy combatant," his case cannot be dismissed as moot. Respondents can make no such showing.

Petitioner Alsaaei was imprisoned for several years at Guantánamo and was designated an "enemy combatant" by the President of the United States. *See generally* Petition. His interest in vindicating his rights and obviating the consequences of this unlawful designation is just as strong—if not stronger—as in the case of a traditional *habeas* petitioner asserting a collateral attack on a prior state or federal court conviction. *Cf. Carafas*, 391 U.S. at 237 (describing the consequences of petitioner's felony convictions, including disqualification from voting, engaging in certain business and serving as a juror). And the collateral consequences that flow from Petitioner Alsaaei's unlawful detention are just as significant as those that arise from a wrongful conviction.

Courts have previously acknowledged that the stigma arising from being charged with certain crimes can constitute the type of collateral consequence that would keep a case "alive" and give a *habeas* petitioner an opportunity to vindicate his rights. *See, e.g.*, *Demjanjuk v. Petrovsky*, 10 F.3d 338, 355-56 (6th Cir. 1993) (holding that the petitioner's acquittal and release in Israel did not moot claim of unlawful extradition because of "collateral consequence" of stigma of the district court's finding that petitioner was the Nazi leader known as "Ivan the Terrible"). Unless granted the opportunity to litigate this case, Petitioner Alsaaei will always carry with him the stigma of being classified as an "enemy combatant" and a "terrorist" by the President of the United States. Petitioners are entitled to proceed with their *habeas* petition to demonstrate the illegality of Petitioner Alsaaei's classification and to attempt to ameliorate this obvious stigma.[2]

Petitioner Alsaaei's transfer does not deprive the Court of the power to fashion a meaningful remedy in this case. The *habeas corpus* statute "does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted. It provides that 'the court shall . . . dispose of the matter *as law and justice require*.'" 28 U.S.C. § 2243 (emphasis added) (citation omitted). This Court could grant relief by, for example, issuing an order that requires Respondents to remove Petitioner

---

[2] Respondents improperly rely on the Court of Appeals' ruling in *Qassim v. Bush* to support their argument for dismissal in the case of petitioners who were transferred from Guantánamo. *See* Mot. at 11-13. In *Qassim*, the Court of Appeals ruled that petitioners' *habeas* petitions were rendered moot when petitioners were transferred from Guantánamo to Albania. 466 F.3d 1073, 1076-78 (D.C. Cir. 2006). However, unlike Petitioner Alsaaei, who is still designated as an "enemy combatant," the petitioners in *Qassim* had been designated as "*non*-enemy combatants" prior to their release. *Qassim v. Bush*, 382 F. Supp. 2d 126, 127 (D.D.C. 2005). As a result, the petitioners in *Qassim* could not present to the court the same collateral consequences that Petitioner Alsaaei will likely face. *Qassim*, 466 F.3d at 1073.

Alsaaei's "enemy combatant" designation from Respondents' domestic and international records. Such act would be the equivalent of Respondents expunging Petitioner Alsaaei's criminal record, a remedy ordered in other *habeas corpus* actions.  *See, e.g., A.M. v. Butler*, 360 F.3d 787, 802 (7th Cir. 2004) (ordering state to expunge petitioner's conviction unless he received a new trial within 120 days); *White v. White*, 925 F.2d 287, 292 (9th Cir. 1991) (ordering government to expunge allegation of child sexual abuse from petitioner's parole record).

**III.   DISMISSAL WOULD IRREPARABLY HARM PETITIONER ALSAAEI BECAUSE HE HAS NO OTHER MEANS OF OBTAINING RELIEF**

According to Respondents, Petitioner Alsaaei has been "released from U.S. custody." As a result, the Court of Appeals lacks jurisdiction under the DTA to consider Petitioner Alsaaei's challenge to his designation as an "enemy combatant." *See* DTA § 1005(e)(2)(D) (providing that jurisdiction of the Court of Appeals "shall cease upon the release of such alien from the custody of the Department of Defense").  Because Petitioner Alsaaei may neither seek nor receive review under the procedures set forth in the DTA, "it is irrelevant, to [him], that the DTA provides for review in the D.C. Circuit of any constitutional infirmities in the [military tribunal] proceedings under that Act." *Boumediene v. Bush*, 127 S. Ct. at 1480 (2007) (Breyer, J., dissenting).  The DTA thus does not provide Petitioner Alsaaei with a constitutionally adequate substitute for *habeas corpus*.  *See Swain v. Pressley*, 430 U.S. 372, 381 (1977) ("[T]he substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus.").

Under these circumstances, Petitioner Alsaaei's right to maintain his *habeas* petition in the federal courts is critical.  *See Omar v. Harvey*, No. 05-2374 (RMU), 2006 WL 286861, at *2 (D.D.C. Feb. 6, 2006) (noting that the "danger that the respondents could 'obviate' the petitioner's right to 'test the legitimacy of his executive detention' would certainly constitute a

threat of irreparable harm'") (citation omitted).  Respondents designated Petitioner Alsaaei as an "enemy combatant," and thus Respondents alone have the ability to withdraw this designation. This case represents the only means by which Petitioner Alsaaei can clear his name, and justice requires that he be permitted to do so.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that this Court deny Respondents' Motion to Dismiss.

Dated:  May 3, 2007

                Respectfully submitted,

                SIMPSON THACHER & BARTLETT LLP

                /s/ Paul C. Curnin
                Paul C. Curnin
                Veronica Vela
                Karen E. Abravanel
                425 Lexington Avenue
                New York, New York 10017
                (212) 455-2000

                Attorneys for Petitioners

*Of Counsel*:

Gitanjali S. Gutierrez
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499